**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 4 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EVGENY FIRSOV,

        Plaintiff - Appellant,

  v.

CITY AND COUNTY OF HONOLULU,

        Defendant - Appellee,

and

RICK BLANGIARDI, Mayor of City and County of Honolulu (in official capacity), KIMBERLY HASHIRO, Director of Department of Customer Services, City and County of Honolulu (in official capacity),

        Defendants.

No. 25-1476

D.C. No.
1:23-cv-00429-LEK-KJM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Kenneth J. Mansfield, Magistrate Judge, Presiding

Submitted July 31, 2026[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WARDLAW, BADE, and JOHNSTONE, Circuit Judges.

Evgeny Firsov appeals the district court's grant of summary judgment to the City and County of Honolulu (collectively, the "City") on his claims arising out of the Honolulu Department of Motor Vehicles' ("DMV") denial of his application for a REAL ID Driver's License in July 2023. We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's order.

"We review the district court's grant of summary judgment de novo, viewing the evidence and drawing all reasonable inferences in the light most favorable to the non-moving party." *Anthony v. Trax Int'l Corp.*, 955 F.3d 1123, 1127 (9th Cir. 2020) (quoting *Cohen v. City of Culver City*, 754 F.3d 690, 694 (9th Cir. 2014)). We review the district court's procedural decisions, including decisions involving discovery, for abuse of discretion. *D'Augusta v. Am. Petroleum Inst.*, 117 F.4th 1094, 1105 (9th Cir. 2024); *Pizzuto v. Tewalt*, 136 F.4th 855, 863 (9th Cir. 2025).

1.      Firsov has not shown any prejudice resulting from the district court's decision to grant summary judgment before ruling on his motion to compel. To justify reversal on this basis, Firsov must show that the evidence sought by his motion to compel "would raise genuine issues of material fact" as to one or more of the claims at issue on summary judgment. *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988). In his motion to compel, Firsov stated that the evidence

sought "may demonstrate whether the City's actions were part of a wider, systemic problem or an isolated incident." As explained below, there are dispositive grounds for ruling in the City's favor, and none of these grounds depend on such evidence. Accordingly, the refusal to grant Firsov's motion to compel prior to summary judgment did not affect his substantial rights. 28 U.S.C. § 2111.

2. The district court correctly granted summary judgment to the City on Firsov's claim that it violated the REAL ID Act of 2005 by failing to issue him a REAL ID, because Firsov did not show that the Act provides him with a private right of action. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002) ("[E]ven where a statute" contains "explicit rights-creating terms, a plaintiff . . . still must show that the statute manifests an intent to create not just a private *right* but also a private *remedy*." (internal quotation marks and citation omitted)).

3. The district court correctly granted summary judgment to the City on Firsov's claim that it violated Section 19-149-2 of the Hawai'i Administrative Rules. As the district court explained, that Section is a definitional section that does not create a private right of action under Hawai'i law. *See Alakai Na Keiki, Inc. v. Matayoshi*, 277 P.3d 988, 1010 (Haw. 2012) (setting forth a three-factor test for determining whether a private right of action exists).

4. The district court correctly granted summary judgment to the City on Firsov's claims that it violated (i) Article 27 of the 1951 Convention Relating to

the Status of Refugees, and (ii) Article 26 of the 1966 International Covenant on Civil and Political Rights. There is no private right of action to enforce either of these treaties. "For any treaty to be susceptible to judicial enforcement it must both confer individual rights and be self-executing." *Cornejo v. County of San Diego*, 504 F.3d 853, 856 (9th Cir. 2007). Although the United States is not a party to the 1951 Convention, it has acceded to the 1967 United Nations Protocol Relating to the Status of Refugees, which incorporates by reference Articles 2 through 34 of the Convention. *INS v. Aguirre-Aguirre*, 526 U.S. 415, 427 (1999). "[T]he Protocol was not intended to be self-executing," however, and therefore it cannot support a private right of action. *Barapind v. Reno*, 225 F.3d 1100, 1107 (9th Cir. 2000). The same is true of the 1966 Covenant. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 735 (2004), *overruled by Cisco Sys., Inc. v. Doe I*, 609 U.S. ---, 146 S. Ct. 1882, 2026 WL 1791225, *8 (June 23, 2026).

5. The district court correctly granted summary judgment to the City on Firsov's claims that it violated Section 274B of the Immigration and Nationality Act, which prohibits discrimination based on "national origin" or "citizenship status" for certain employment decisions. 8 U.S.C. § 1324b(a)(1). Firsov concedes that he was not in an employment relationship with the City, nor was he seeking one. This claim therefore fails.

6. The district court correctly granted summary judgment to the City on

Firsov's claims that the City "interfere[d] with [his] private life" by requiring him, at some hypothetical point in the future, to provide documentation to the Transportation Security Administration to board a commercial air plane. Because Firsov obtained a REAL ID before his then-valid REAL ID expired, this claim is moot. *See Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 628 (9th Cir. 2016).

7.      The district court correctly granted summary judgment to the City on Firsov's claim that it violated the Equal Protection Clause. The City cannot be held liable for its employees following a policy set by federal law, which distinguishes between various types of immigration status for purposes of issuing a REAL ID. *See Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997) (explaining that municipality can be held liable under § 1983 only when it "was the 'moving force' behind the injury alleged"); REAL ID Act of 2005, § 202(c)(2)(B)–(C), 119 Stat. at 313 (providing that evidence of "a pending application for asylum in the United States" only permits a state to "issue a temporary driver's license or temporary identification card to the person"). Thus, Firsov's claim fails to the extent that it is based on the REAL ID Act or the Department of Homeland Security's SAVE database, rather than the City's own policy, because it defeats the causal "moving force" showing *Brown* requires. 520 U.S. at 404. To the extent that Firsov's claim is based on the City's guide, it lacks the requisite

discriminatory intent. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265–66 (1977).

8. The district court correctly granted summary judgment to the City on Firsov's claims that it violated the Civil Rights Act of 1964. Title VI prohibits discrimination only "on the ground of race, color, or national origin." 42 U.S.C. § 2000d. But Firsov's Title VI claim is based only on discrimination regarding his immigration status, not his national origin. As for his other Civil Rights Act claim, to the extent that Firsov's complaint is construed as bringing a claim under Title III, the claim must fail because only the Attorney General can bring suit under Title III. *See* 42 U.S.C. § 2000b(a) (authorizing "the Attorney General" to "initiate and maintain appropriate legal proceedings" to protect equal protection rights of vulnerable parties). And to the extent that his complaint is construed as alleging a claim under Title II, the claim must fail because Title II does not authorize private suits for damages. *See Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1136 (9th Cir. 2002); 42 U.S.C. § 2000a-3.

9. Firsov forfeited any argument that the City violated the Hawai'i Constitution by failing to challenge the district court's holding that no private right of action exists under either of the provisions he cited in his Opening Brief.[1] *See*

---

[1] Because Firsov forfeited any argument that the City violated the Hawai'i Constitution, we need not resolve whether a private right of action exists under Art. I, Sec. 2, or Art. I., Sec. 5, of the Hawai'i Constitution.

*Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (Issues that are not "specifically and distinctly argue[d] . . . in [an appellant's] opening brief" are forfeited. (internal quotation marks and citation omitted)).

**AFFIRMED.**